## Smith v. Smith.

(Decided June 13, 1924.)

### Appeal from McCracken Circuit Court.

Divorce—Denial of Divorce for Abanonment Held Erroneous.— Where seven witnesses testified that defendant abandoned plaintiff, and two witnesses testified that she did not, and latter two witnesses were discredited by showing their reputation for truth and veracity was bad, trial court erred in denying divorce.

MOCQUOT, BERRY & REED for appellant.

WHEELER & HUGHES, GORDON & LAURENT, PITTS & McCONNICO and JESSE W. BARRETT for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Appellant, then twenty-nine years old, and appellee, then twenty-seven, were married in Chicago, Illinois, on June 2, 1905, and in 1911 became residents of Paducah, Kentucky, where appellant appears to have since resided. This was the first marriage of appellant. Appellee was then the divorced wife of a former husband.

On April 21, 1917, appellant filed a petition against the appellee alleging that she had, without his fault, abandoned him outright on November 10, 1916, and that she had while living in the same house with him abandoned him, to all intents and purposes, in the early part of the year 1915. Appellee filed answer on August 6, 1917, putting petition in issue and denying that appellant was a resident of Kentucky, and raising other issues. The petition was amended three times, the last amendment filed March 21, 1921, again charging abandonment beginning on and continuing since November 10, 1916. Many other issues were made and an enormous amount of proof was taken, which it can serve no good purpose to discuss, as the record clearly shows that appellant has been since 1911 a resident of Paducah, Kentucky; that appellee abandoned him on November 10, 1916; that this abandonment was without fault on his part and that this abandonment has since persisted. Four great volumes of this record are filled with so-called evidence, the greater part of which is incompetent, irrelevant and immaterial.

The issues made on behalf of the appellee all rest upon the evidence of two women, one of whom is the mother of the other, and by whose evidence we are not favorably impressed. A large part of it, more than thirty per cent, on direct examination is given in the form of a dialogue, the appellee's attorney doing the testifying and the witnesses answering, "Yes, sir." Seven witnesses who had equal or better opportunity than this mother and daughter to see and know about these same matters, contradict them and testify in support of appellant.

Moreover, these two witnesses offered by the appellee were discredited, and it was shown by those who knew their reputations in the communities where they resided that their reputations for truth and veracity were bad.

It, therefore, follows that the judgment dismissing the appellant's petition entered on March 21, 1921, and from which this appeal has been prosecuted was and is erroneous, and same is reversed and this cause is remanded with directions to enter a judgment granting the divorce as prayed for by appellant.